## PRUDHOME v. CEDAR GROVE REFINING CO., Inc., et al.*
### No. 4943.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellants.

Wm. C. Boone, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, as amended), claiming total permanent disability to perform manual labor or labor of any reasonable character. He alleged the disability was caused by an accident while he was in the employ of defendant company; and that the said accident arose out of his employment and in the course of his employment. He prayed for judgment in the amount of 65 per cent. of his weekly wage, for a seven-day week, for a period not to exceed 400 weeks; and for medical fees in the sum of $250.

Plaintiff further alleged that the Globe Indemnity Company, doing a general insurance business in the state of Louisiana, had issued to the defendant Cedar Grove Refining Company, Incorporated, a policy of insurance covering all claims arising under the Workmen's Compensation Act for injuries received by said refining company's employees. He prayed for judgment, in solido, against the insurance company and the refining company.

The answer of the defendant is a specific denial of all the material allegations of plaintiff's petition.

The lower court awarded judgment against both defendants, in solido, in the amount of $4.55 per week for a period not to exceed 400 weeks, and $250 for medical expenses. Both defendants have appealed.

*Rehearing denied December 5, 1934.

Defendant Globe Indemnity Company urges as a defense here that plaintiff has failed to offer any evidence of any kind to show that it was the insurer of defendant Cedar Grove Refining Company, Incorporated, nor has by reference or otherwise connected it with the case or shown any liability on its part. This contention is literally true, as the record is barren of any testimony to in any way connect the defendant indemnity company with this case. It therefore follows that the judgment of the lower court, in so far as it awarded judgment against the Globe Indemnity Company, is erroneous and will have to be reversed.

The Cedar Grove Refining Company, Incorporated, hereafter spoken of as defendant, urges as defenses to plaintiff's action: First, that there was no accident; and, second, if there was an accident, no injury was caused thereby to plaintiff, and if plaintiff is suffering any disability now, it is caused by focal infection of long standing and not from the accident.

Plaintiff and three other employees were attempting to move from one place to another a heavy piece of iron weighing several hundred pounds. They had placed it upon a wheelbarrow and plaintiff was between the handles of the wheelbarrow and had raised the back end of it, preparing to move forward. The other three employees were around the wheelbarrow to assist in keeping it erect and also to assist in rolling it. The place was muddy and, while plaintiff was pushing forward, the other three pushed the wheelbarrow backwards for the purpose of getting a smooth rut to start off in. The action of plaintiff's helpers in pushing the wheelbarrow backwards caused the handle of it to strike plaintiff in the side or stomach, and the wheelbarrow to turn over on its side. The men then picked up the heavy iron and carried it by hand to the place they had started to carry it in the wheelbarrow. Plaintiff contends that when the handle of the wheelbarrow struck him, it knocked him down and he fell on his back, striking the side of his back on a brick, causing injury to his back which has totally disabled him. He immediately got up and continued to do light work for about half an hour, when the night's work was over and he went to his home. He made no complaint of the accident to any one until a week thereafter.

Plaintiff was working nights as an extra man. He would report each afternoon and, if his services were needed, he was put to work; if he was not needed, he was told so.

The following afternoon plaintiff reported at the place of work and was discharged and paid for the services rendered up until that time. He then made no report of the accident to any one in charge.

The alleged accident occurred August 23, 1933, and seven days later plaintiff reported the accident and was sent to Dr. Addison, in Cedar Grove, who, after a superficial examination, sent him to his son, Dr. W. P. Addison, Jr. Plaintiff told Dr. Addison, Jr., that at about 6 o'clock on the morning of August 23, 1933, he was loading a large piece of steel or iron onto a wheelbarrow and it slipped off, and the handle of the wheelbarrow struck him in the lower abdomen. He did not say it knocked him down. Some days later, he told Dr. Addison, Jr., that he was pushing a wheelbarrow and stepped off of a brick and jarred and hurt his back. The first time he went to Dr. Addison, Jr., he carried a specimen of urine which contained blood. Dr. Addison referred him to Dr. Stamper, where he went. The only complaint he made to Dr. Stamper was of the blood in his urine and frequent urination. Upon examination, Dr. Stamper found plaintiff had previously suffered with gonococcic infection and that he had a large infiltrated prostate, a chronic prostate, and the secretion contained pus. He found the condition to be chronic, several months previous infection, and to have been caused by gonococcic infection. He was positive that a fall such as claimed by plaintiff could not have caused any trouble to the prostate. After Dr. Stamper examined plaintiff, he went back to Dr. Addison, Jr., who made an examination of him. He found the same trouble that was found by Dr. Stamper and is positive that the fall described by plaintiff could not have affected the prostate. He found no objective symptoms of any injury; found no spasms or rigidity of the muscles of the back and no evidence of a strain of the back or sacroiliac.

About five weeks after the accident, plaintiff was examined by Dr. A. A. Herold and Dr. Paul Abramson. They found that plaintiff had an enlarged prostate and that the secretion showed the presence of organic germs of gonorrhea; that it was chronic. They found no objective symptoms of an injury. Upon examination of the muscles of the spine, plaintiff complained of some tenderness. They found no spasms of the muscles of the back and no evidence of a sacroiliac strain or sprain. They are both positive that a fall such as that described could not have affected the prostate. An X-ray taken by Dr. An-

derson failed to show any abnormality of the back.

Dr. Cassity and Dr. Huckaby testified for plaintiff. Dr. Cassity examined him on the 15th day after the alleged accident. He testified that the prostate was large, but not tender. The only external evidence of an injury which he found was a restricted motion when he made plaintiff bend forward, his spinal muscles became rigid, and when he straightened up, the muscles jerked and twitched. He was asked the following questions:

"Q. But you found no evidence of trauma? A. There is evidence of pain and soreness.

"Q. No evidence of trauma? A. Yes; either trauma or infection.

"Q. Might be infection from the tonsils? A. Yes, sir."

Dr. Cassity is of the opinion that plaintiff has a back strain complicated by moderate urethral infection. His conclusion, however, is based upon an erroneous history given by plaintiff to him. It at least conflicts with the history given by plaintiff on trial of the case, as well as that given by him to the other doctors.

Dr. Huckaby examined plaintiff on October 14th. He did not examine plaintiff's prostate. He testified that he found the same condition that Dr. Cassity did; that is, spasticity of the muscles of the back, and that he had a characteristic gait of back injury.

We think it certain, from all the medical testimony, that plaintiff's condition, presuming it is as he claims, could have been caused by the infected prostate and the gonococcic infection with which he is suffering, and the preponderance of the testimony is that there is no back injury caused by trauma.

It is unusual that plaintiff, who was at defendant's place of business the afternoon of the day on which he claims to have been hurt, did not report the accident. He did not report it for a week afterwards and after he had been discharged. It is likewise unusual that he could not relate how the accident occurred twice the same way. When he first went to the doctor, he did not complain of anything other than blood in his urine, which is clearly shown not to have been caused by the accident, assuming the accident happened as claimed by plaintiff.

The law requires plaintiff to make out his case by a preponderance of the testimony, and the lay testimony which we have not discussed in this opinion, as well as the medical testimony, greatly preponderates against the claim of plaintiff.

We therefore find that the judgment of the lower court is erroneous, and it is reversed and plaintiff's demands rejected; and defendants are relieved from the payment of any costs.